**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2007-13, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-13, Plaintiff, | § § § § § § | A-13-CV-1090-LY-ML |
| V. | § § | |
| TONY DAVIS, Defendant. | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL,
UNITED STATES DISTRICT JUDGE

Before the Court are multiple pending motions and responsive briefs, falling into the following (non-chronologically filed) groups for purposes of the report and recommendation:

**A.** Defendant's Motion to Dismiss for Lack of Jurisdiction [Dkt. #83] and Plaintiff's Response thereto [Dkt. #88];

**B.** Defendant's Amended Answer and More Definite Statement [Dkt. #58];

**C.** Plaintiff's Final Motion for Summary Judgment [Dkt. #77]; Defendant's Motion for Summary Judgment [Dkt. #78], Plaintiff's Response thereto [Dkt. #79], Defendant's Reply to Plaintiff's Facts and Notice of Established Facts as Well as Notice of Third Party Intervenor [Dkt. #80], Defendant's Amended Reply to Plaintiff's Facts and Notice of Established Facts as Well as Notice of Third Party Intervenor [Dkt. #81], Defendant's Supplement to Motion for Summary Judgment [Dkt. #82], Plaintiff's Sur-

Reply in response thereto [Dkt. #85], Plaintiff's Response to Defendant's Supplement to Motion for Summary Judgment [Dkt. #86]; and

**D.** Defendant's Motion to Take Judicial Notice [Dkt. #49], Plaintiff's Response thereto [Dkt. #53], and Defendant's Reply [Dkt. #65]; Defendant's Notice of Multiple Collections [Dkt. #46]; Defendant's Motion to Dismiss Based on Fraud [Dkt. #48], Plaintiff's Response thereto [Dkt. #62], Defendant's Reply in support thereof [Dkt. #68], Defendant's Reply (second) in support thereof [Dkt. #68], and Defendant's Reply (third) in support thereof [Dkt. #69]; Defendant's Notice of Chain of Title Assessment and Analysis of Fraud [Dkt. #51], Defendant's Supplement to Notice of Chain of Title Assessment and Analysis of Fraud [Dkt. #52], and Plaintiff's Response thereto [Dkt. #63]; Defendant's Motion to Strike and Objection to Correction Affidavit [Dkt. #60], Plaintiff's Response thereto [Dkt. # 64], and Defendant's Reply [Dkt. #71]; Defendant's Notice of Criminal Complaint and Affidavit [Dkt. #66]; Defendant's Notice of Filing Affidavit of Criminal Complaint [Dkt. #67]; Defendant's Notice of Filing Criminal Complaint [Dkt. #70]; Defendant's Notice of of Fraud on the Court and Counterfeit Securities [Dkt. #72]; and Defendant's Notice of Filing Request for Identification of Responding Party [Dkt. #73]; and Defendant's Objection to Scheduling Order [Dkt. #41].

All pending motions in the above-styled cause were referred by United States District Judge Lee Yeakel to the undersigned for Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of

Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended, or for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. BACKGROUND

Defendant Tony Davis obtained a mortgage in excess of $500,000 in 2007, on which he defaulted in 2009. Pf's Mot. Summ. J., [Dkt. #77] at ¶¶ 2, 5. Defendant has made no payments on the mortgage since 2009. *Id.* at ¶ 5 and Ex. A-6, Ex. A-7. Additionally, between 2010 and 2012, Defendant has filed three bankruptcy petitions, all subsequently dismissed, two state court lawsuits, and a state court appeal of an adverse judgment in the first-filed state court suit, each proceeding specifically directed at staying or challenging any foreclosure on the encumbered property. *Id.* at ¶¶ 6-13 and Exhibits E through K (including exhibit subparts). Plaintiff filed this suit in federal court on December 23, 2013, seeking to enforce the terms of the Note and Deed of Trust. *Id.* at ¶ 14.

Defendant Davis, having been declared a vexatious litigant in the Fifth Circuit in connection with his multiple criminal convictions in 2000, "is no longer allowed to file any documents or pleadings in this court or in any court subject to this court's jurisdiction without first obtaining permission from a judge of this court." *Davis v. Wendt*, No. 04-10682 (5th Cir. Sept. 26, 2007). Accordingly, Davis was ordered to seek permission from the Fifth Circuit "before filing any documents or pleadings in this action." Order of January 2, 2014 [Dkt. #4]. The Fifth Circuit granted Davis leave to "mount a defense" in this matter. Order of May 14,

2014 [Dkt. #8]. That Order did not grant Davis leave to file affirmative claims for relief; file separate lawsuits or other proceedings against persons involved in this case; or file repetitive motions, the merits of which this court has already adjudicated. *See id.* Davis has disregarded these limitations and filed repetitive and frivolous counterclaims, motions, and "Notices" to the court. Nowhere has he presented any evidence sufficient to support dismissal of United National Bank Association's claims against him. For the reasons discussed in detail below, the undersigned RECOMMENDS that Plaintiff's Motion for Summary Judgment be, in all things, GRANTED, Defendant's Motion to Take Judicial Notice of the Records from the County Recorder's Office [Dkt. #49] be GRANTED in PART and DENIED in PART, and all other pending motions in this case be DENIED or DISMISSED as MOOT.

## II. ANALYSIS

Given the voluminous pleadings on file in this matter, this Report and Recommendation is organized in subparts that correspond to the opening paragraph's subheadings A-D, grouping the motions and other filings that are ripe for consideration. As always, the report begins with the matter of jurisdiction.

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiff's Original Complaint asserts the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), because (1) Plaintiff is a citizen of Ohio, the state where its main office is located, (2) Defendant is a citizen of Texas, and (3) the amount in controversy exceeds the $75,000 jurisdictional threshold, as Plaintiff is seeking foreclosure of its lien on real property worth more than $561,000. Orig. Compl. [Dkt. #1] at ¶ 4. The court

affirmatively finds that these facts establish the elements of the diversity jurisdiction statute and support its subject matter jurisdiction in this case. 28 U.S.C. § 1332.

In his Motion to Dismiss for Lack of Subject Matter Jurisdiction, Defendant attacks none of these jurisdictional facts. *See generally* Mot. Dism. [Dkt. #83]. Rather, Defendant attacks the court's personal jurisdiction over him by re-asserting the same challenges to service of process that were rejected in the Interim Report and Recommendation of July 7, 2014 [Dkt. #13], adopted in full by the District Court on August 8, 2014 [Dkt. #20]. For the same reasons articulated in that Report and Recommendation, this argument is without merit. Report and Recommendation [Dkt. #13] at 3. This Court's personal jurisdiction over Defendant has been well established. *Id.*

Defendant further asserts no service of process was performed on his common law wife, Olga Myelnikova-Bell, Mot. Dism. [Dkt. #83] at 3. Myelnikova-Bell is not a party to the lawsuit, nor is she in any way a necessary party to the suit. *See* FED. R. CIV. P. 19. Davis has not articulated any cognizable interest Myelnikova-Bell has, separate from Davis' interest, in the subject property that must be adjudicated in this proceeding. *Id.* Furthermore, as a domiciliary of Texas and a native of Russia, Myelnikova-Bell does not share citizenship with the Plaintiff and would not change the diversity of citizenship analysis even if she were joined as a party. 28 U.S.C. § 1332.

Defendant next attacks the merits of Plaintiff's claims against him, asserting the warranty deed is void and the correction affidavit to the warranty deed is of no effect. Mot. Dism. [Dkt. #83] at 3-8. These conclusory allegations are the same ones made in various other motions by Defendant, and will be addressed further below. For purposes of the motion to dismiss for lack of subject matter jurisdiction, the question of whether a claim has *merit* is entirely separate from

whether a court has *jurisdiction* over it. *See Hix v. U.S. Army Corps of Eng'rs*, 155 F. App'x. 121, 128-129 (5th Cir. 2005). Defendant's attacks on the merits of Plaintiff's claims are irrelevant to the issue of whether this court has subject matter jurisdiction over those claims. As the facts establishing subject matter jurisdiction based on diversity and personal jurisdiction over Davis have been established, the undersigned RECOMMENDS the District Court DENY the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. # 83].

**B. Defendant's Amended Answer and More Definite Statement**

Defendant's Amended Answer and More Definite Statement [Dkt. #58] re-asserts the same counterclaims dismissed by the Interim Report and Recommendation issued on October 8, 2014 [Dkt. #39], and adopted in full by the District Court on November 4, 2014 [Dkt. #61]. To the extent the Amended Answer asserts additional counterclaims that "the assignment was fraudulent" and "the transfer of title was a fraud," [Dkt. #58] at 10, these claims are couched in the same type of conclusory and unsupported language that failed to state a viable fraud counterclaim in the original analysis. Interim Report and Recommendation [Dkt. #39] at 11-13. For the reasons articulated in the Interim Report and Recommendation [Dkt. #39], including Davis' failure to plead his fraud claims with particularity and the fact that the Fifth Circuit did not authorize Davis to file counterclaims in light of his past history of vexatious litigation, the undersigned RECOMMENDS the counterclaims asserted in the Amended Answer [Dkt. #58] be DISMISSED.

**C. Cross-Motions for Summary Judgment**

Plaintiff's Final Motion for Summary Judgment [Dkt. #77] seeks judicial foreclosure of

its lien against Tony Davis. *Id.* at 7. [1] Defendant has responded to Plaintiff's Motion for Summary Judgment with a "Reply to Plaintiff's Facts and Notice of Established Facts as Well as Notice of Third Party Intervenor" [Dkt. #80], and has also made his own cross-motion asserting various theories concerning the invalidity of the loan and fraudulent conduct on the part of the lenders and their attorneys. Def's Mot. Summ. J. [Dkt. #78]. Defendant has provided no supporting exhibits for his Reply to Plaintiff's Facts [Dkt. #80] or his Motion for Summary Judgment [Dkt. #78]. Instead, as support for his Motion for Summary Judgment, Defendant seeks to rely on 25 previously filed "Notices" and other motions in this case. *Id.* at 2.

*1. Standard of Review*

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254,106 S. Ct. 2505, 2513 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87,106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given

[1] All claims against Gaylan Davis, originally a co-defendant, have been dismissed without prejudice. *Id.*

the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id*.

"When parties file cross-motions for summary judgment, 'we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Bell v. Itawamba Cty Sch. Bd.*, 774 F.3d 280, 290 (5th Cir. 2014) (quoting *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013)). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States,* 391 F.3d 621, 625 (5th Cir. 2004).

*2. Plaintiff's Motion for Summary Judgment*

To establish a right to judicial foreclosure, a party must demonstrate "that the note was a purchase money note, that some or part of the purchase money is due and unpaid, and that the property subject to the lien is the same property on which [the party] seeks to enforce the lien." *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet) (internal citation omitted). In support of these elements, Plaintiff has introduced summary judgment evidence establishing:

(1) Defendant's Note is a purchase money note, Mot. Summ. J. [Dkt. #77] Ex. A-2, Deed of Trust, at ¶27;

(2) Defendant has failed to pay any monthly installment payments due on the Note since April 1, 2009, at which time he was $34,755.00 in arrears and the total principal balance of the Loan was $505,607.62. *Id.* at Ex. A-8, Oct. 6, 2009 Notice of Default at 1. As of February 27, 2015, Defendant owes a total of $886,920.06 in principal, interest, and fees on the Loan. *Id.* at Exhibit A-16, Payoff Quote at 1.

(3) The property on which Plaintiff seeks to foreclose, 2103 Kemper Cove, Austin Texas, 78746, is the property subject to the lien securing Defendant's Loan. *Id.* at Ex. A-2, Deed of Trust, at 3.

Plaintiff has also introduced evidence establishing that Defendant was provided with notice of default, acceleration, and foreclosure in accordance with Texas statutory requirements. *Id.* at Ex. C-1 through C-6; *see also* TEX. PROP. CODE § 51.002(b). Because the Plaintiff has produced sufficient evidence to satisfy its summary judgment burden, the burden shifts to Defendant to "set forth specific facts showing that there is a genuine issue for trial," not just to "rest upon the mere allegations or denials of the adverse party's pleading." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. Tex. 2001) (citing *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992).

Defendant, in his Reply to Plaintiff's Facts [Dkt. #80] raises the same arguments addressed above regarding Plaintiffs' failure to join and serve his common-law wife, Myelnikova-Bell, whom he avers is "in the KGB or its equivalent." *Id.* at 1. Regardless of the purported "international implications" raised by Defendant's allegations, Myelnikova-Bell has no interest in the subject party separate and apart from any interest of Defendant's, and she is not a necessary party to this suit for the reasons articulated above. *See* FED. R. CIV. P. 19.

Defendant's remaining response points and affirmative defenses are simply conclusory statements alleging fraud and other wrongdoing without any evidentiary support. Defendant asserts these statements have been incorporated into prior verified pleadings and must therefore be taken as true, but he fails to identify any particular portion of the record that would support his varied and colorful allegations (e.g., that "The note in the trust is a fake," "The Plaintiffs have already been paid more than 4 times," and "no note exists as required by law by the elements of

the note.") Reply to Pf's Facts [Dkt. #80] at 2-3. Defendant's Reply to Plaintiff's Facts utterly fails to identify specific facts, supported by competent summary judgment evidence, that raise a genuine issue for trial.

### *3. Defendant's Motion for Summary Judgment: Evidentiary Issues*

Defendant has raised many of the same points in his own Motion for Summary Judgment. Def's Mot. Summ. J. [Dkt. #78]. Defendant's summary judgment "evidence" consists of 25 previously filed motions, responses, and "Notices" in this case. *Id.* at 2. Defendant asserts these filings are competent summary judgment evidence because they are "verified," but, as Plaintiff properly objects, the majority of these filings are not verified or sworn statements. *See* Pf. Resp. [Dkt. #79] at 5-7. The only verified filings Defendant has identified as purported summary judgment evidence are Defendant's "Notice of Fraud and Counterfeit Securities by Plaintiff" [Dkt. #72] and Defendant's Notices of his attempts to file criminal complaints against Plaintiff's attorneys [Dkt. #66], [Dkt. #67], [Dkt. #70] (which are, as discussed in footnote 2, below, procedural nullities).[2] The undersigned therefore RECOMMENDS Plaintiff's objection to any other filings listed by Defendant in his Motion for Summary Judgment as verified filings that constitute summary judgment evidence be SUSTAINED.

The "Notice of Fraud" is indeed, verified, but that alone does not make it competent summary judgment evidence. "Unsupported allegations or affidavits setting forth ultimate or

[2] As to the filing of "criminal complaints" against Plaintiffs' counsel, the documents filed by Davis fail to comply with the basic requirements that they be made under oath before a magistrate judge or a state or local judicial officer. FED. R. CRIM. P. 3. As there is no judge's signature on any of Davis' purported "criminal complaints," they are nothing more than another iteration of his repetitious motions and "Notices" to this court, and have no merit. To the extent the "Affidavits" supporting Davis' purported criminal complaints could be taken as sworn statements, *see* [Dkt. #66] [Dkt. #67], [Dkt. #70], they are duplicative of the statements made in Davis's verified "Notice of Fraud and Counterfeit Securities by Plaintiff" [Dkt. #72] (hereafter, "Notice of Fraud").

conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Ramon v. Cont'l Airlines Inc.*, 153 F. App'x. 257, 259 (5th Cir. 2005) (citing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)). Plaintiff has identified approximately 20 statements, appearing in Defendant's "Notice of Fraud" and elsewhere in the record, to which Plaintiff objects as conclusory and unsupported. Pf's Mot. Summ. J. at 8-10. These objections are well taken: statements such as "[t]he mortgage was sold at least 4 times for parties to collect fees and commissions and benefits ***unknown to Petitioner***, including commissions, credit default swaps, and tax-write offs," Notice of Fraud [Dkt. #72] at 3 (emphasis added), are not competent summary judgment evidence because they are not supported by the affiant's knowledge or any documentation or other evidentiary support. *Ramon*, 153 F. App'x at 259. The undersigned RECOMMENDS Plaintiff's objections to the conclusory statements identified at items (a) through (t) of Plaintiff's Response to Defendant's Motion for Summary Judgment be SUSTAINED, wherever in the record they appear, including but not limited to the Notice of Fraud [Dkt. #72] and Defendant's Motion for Summary Judgment [Dkt. #78], as there is no suggestion in the record that these statements are made on the basis of personal knowledge or are otherwise anything more than unsupported, conclusory, and self-serving allegations.

*4. Defendant's Motion for Summary Judgment: Legal Analysis*

Without this purported summary judgment evidence, Defendant's affirmative defenses of fraud, illegality, unclean hands, and/or bad faith are without any support in the record and must be disregarded. *See Ramon*, 153 F. App'x at 259. Defendant's own Motion for Summary Judgment boils down to pure legal argument. FED. R. CIV. P. 56(a). As explained in detail

below, however, Defendant's legal arguments have been foreclosed by the relevant case law and statutes.

First, Defendant argues that his Note is invalid because it was split from the Deed of Trust. Def's Mot. Summ. J. [Dkt. #78] at 1. But the Fifth Circuit has already recognized that the "split-the-note" theory on which Defendant relies is inapplicable to Texas foreclosure law. *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) ("The 'split the note' theory is . . . inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself."); *see also Rodriguez v. Bank of Am., N.A.*, 588 F. App'x. 356, 358 (5th Cir. 2014) (rejecting the similar 'show me the note' theory and holding "the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure.") (internal citation omitted). Defendant has failed to establish a viable challenge to the Note or the foreclosure on this basis. *Id.*

Defendant next argues the Warranty Deed conveying the property to him is invalid because it omits a legal description of the property. Def.'s Mot. Summ. J. [Dkt. #78] at 6-9, 13. Defendant's theory is that, because the Warranty Deed was not valid, the property was never conveyed to him and he was thus not able to convey title to the bank via the deed of trust. *Id.* at 16. Defendant has requested the court take judicial notice that the original General Warranty Deed recorded on August 30, 2007 in the official public records of Travis County does not, in itself, describe the property conveyed to Defendant other than to reference "Exhibit A," which is not part of the official county clerk's record. Mot. Take Judicial Notice of Records from the County Recorder's Office [Dkt. #49], Ex. A1.

Defendant is correct that, "[t]o be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed." *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). But a property description is sufficient if it provides, either on its face or "***by reference to some other existing writing***, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." *Id.* (emphasis added).

The General Warranty deed expressly incorporates the Deed of Trust, which was recorded with the County Clerk on the same day. *See Id.* at Ex. A2. Specifically, the General Warranty Deed states that the consideration paid ***by Grantee, Tony Davis,*** for the conveyance of the property includes:

> "the execution and delivery by Grantee of one certain Promissory Note of even date herewith, . . . said promissory note being secured by a Vendor's Lien and the Superior Title herein retained and reserved in favor of Grantor and assigned, without recourse, to Mortgagee, and also being secured by a Deed of Trust of even date herewith from Grantee to Thomas E. Black, Jr., Trustee***, reference to said Promissory Note and Deed of Trust being hereby made for all purposes***."

*Id.* at Ex. A1 (emphasis added). Such "an explicit reference, within the four corners of the deed, to existing writings" is sufficient if the writings so incorporated contain an adequate description of the property to be conveyed. *AIC Mgmt.*, 246 S.W.3d at 648.[3]

[3] Plaintiff has submitted a Correction Affidavit, made under oath by the Grantors named on the original General Warranty Deed recorded August 16, 2007. Pf's Mot. Summ. J. [Dkt. #77], Ex. K. The Correction Affidavit states it is made on the basis of personal knowledge and corrects the clerical omission of the legal description (Exhibit A) that was referenced in, but not attached to the original document. *Id.* The Correction Affidavit was sent for recording in the Travis County Real Property Records on September 29, 2014 and a copy of same was sent to Defendant on the same date. *Id.* Texas Property Code § 5.028(a-1)(1) allows "[a] person who has personal knowledge of facts relevant to the correction of a recorded original instrument of conveyance may prepare or execute a correction instrument to make a nonmaterial change that results from an inadvertent error, including the addition . . . of a legal description prepared in connection with the preparation of the original instrument but inadvertently omitted from the original instrument." Defendant asserts, without supporting evidence, that the Correction Affidavit is not made on the basis of personal knowledge and is fraudulent. Def's Mt. Summ. J. [#78] at 7; Notice of Fraud [Dkt. #72] at 5-6. As noted above, however, Plaintiff has objected to these conclusory allegations, and the undersigned is of the opinion the objections are well-taken. In any event, the Correction

The Deed of Trust, explicitly incorporated by reference into the General Warranty Deed, contains a street address: 2103 Kemper Cove, Austin, Texas 78746. Pf's Mot. Summ. J. [Dkt. #77] Ex. A-2. Under Texas law, "a street address can serve as a sufficient description so long as it does not give rise to confusion in identifying the subject property." *DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Trust Co., N.A.*, 958 F. Supp. 2d 738, 747-48 (W.D. Tex. 2013) (citing *Patterson v. Fed. Deposit Ins. Corp.*, 918 F.2d 540, 546 (5th Cir. 1990)); *see also Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 237 (Tex. App.—Dallas 2004, pet. rev. denied). Defendant does not dispute that 2103 Kemper Cove is indeed his address and the address of the property subject to the Deed of Trust.[4] Therefore, the incorporation of the Deed of Trust into the General Warranty Deed was sufficient to identify the property conveyed, and Defendant's argument that no conveyance occurred is without merit. *AIC Mgmt.*, 246 S.W.3d at 648.

In a "Revised Reply to Plaintiff's Response As Well As Notice of Third Party Intervenor Regarding Defendant's Motion for Summary Judgment" [Dkt. #81], Defendant reiterates all of the arguments addressed above and in the prior Interim Report and Recommendations already adopted in this case. Defendant additionally argues that "the inclusion of MERS into this adhesion contract creates legal questions under the Local Texas Government Code at § 192.007." Revised Reply at 9. Defendant contends "any assignments by MERS is [*sic*] illegal." *Id.* at 10.

---

Affidavit is not necessary to the validity of the Deed of Trust and the Note in this case. *DTND Sierra Invs. LLC*, 958 F. Supp. 2d at 747. As explained above, the Deed of Trust on which Defendant's Note is based was incorporated into the General Warranty Deed and the General Warranty Deed was therefore a valid conveyance when it was originally filed. *Id.*

[4] In fact, Defendant has filed an affidavit with the County Clerk in which he acknowledges the Deed of Trust "affects the property . . . which currently has the address of 2103 Kemper Cove, Austin, Texas 78746." Mot. Take Judicial Notice [Dkt. #53], Ex. A11. Defendant's affidavit inexplicably attempts to re-characterize the Deed of Trust as a will subject to unilateral amendment, rather than a security instrument under which Defendant obtained a loan of over $500,000. *Id.* This attempt at unilateral re-characterization and revocation of the Deed of Trust is, of course, ineffective, but Defendant's affidavit does indicate there is no confusion over the subject property in this case. *See id.*

But the Fifth Circuit has described Local Texas Government Code § 192.007 as a "procedural directive to county clerks" regarding the method of recording assignments in county records, "not . . . a prerequisite to the validity of assignments." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 n.27 (5th Cir. 2013). In general, the Texas Property Code does not require assignments to be recorded in order to be effective as against the parties to the assignment. *Green v. JP Morgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 858 (N.D. Tex. 2013) (citing TEX. PROP. CODE § 13.001(b)).

The Deed of Trust provides "the beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." Pf's Mot. Summ. J. [Dkt. #77] Ex. A-2, at 3. MERS is a recognized "book entry system," a national system for registering beneficial interest in security interest that acts as nominee for grantee, beneficiary, owner, or holder of security instrument and its successors and assigns. TEX. PROP. CODE ANN. § 51.0001(1). Under Texas law, "[w]hen, as here, the deed of trust names MERS as the nominee for the lender and its successor and assigns and the deed of trust is recorded in the local real-property records with MERS as the named beneficiary, MERS remains the mortgagee of record if the note is transferred between MERS members, and there is no requirement that the deed of trust be re-recorded each time it is transferred." *Campbell v. Mortgage Electronic Registration Sys., Inc.*, No. 03-11-429-CV, 2012 Tex. App. LEXIS 4030, *13-14 (Tex. App.—Austin May 18, 2012, pet. denied).[5]

Defendant argues that MERS is not registered to do business in Texas and therefore cannot foreclose (or assign the right to foreclose) on the loan. Revised Reply at 15. But the

[5] Moreover, Defendant is not a party to any assignment by MERS, and therefore lacks standing to bring this challenge. *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011).

Texas Business Organizations code specifically exempts "creating, as borrower or lender, or acquiring indebtedness on a mortgage or other security interest in real or personal property;" "securing or collecting a debt due the entity or enforcing a right in property that secures a debt due the entity;" and "engaging in any combination of transactions described by this subdivision" with respect to a debt secured by a lien on real property in Texas from the statutory definition of "transacting business" in the state. *Id.* at § 9.251(7), (8), (12). Thus, a foreign corporate entity seeking to enforce its right to foreclose on real property securing a debt is not prevented from filing suit in Texas for this purpose. *Bierwirth v. Fannie Mae*, No. 03-13-00076-CV, 2014 Tex. App. LEXIS 2501, *4-5 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.). MERS' status as a national book entry system that is not registered to do business in Texas thus has no effect on its the authority to foreclose (and assign that right) under Texas law. *See id*.

In a belated supplement to his motion for summary judgment, Defendant argues Plaintiff, too, lacks the capacity to sue in Texas because it is not a business entity registered with the Texas Secretary of State, and therefore the Texas Business Organizations Code prohibits it from bringing suit in courts in Texas. Def's Suppl. to Mot. Summ. J. [Dkt. #82] at 2. As Plaintiff correctly points out, however, the Texas Business Organizations Code does not prohibit holders in due course or bona fide purchasers for value from filing suit to enforce the terms of negotiable instruments. TEX. BUS. ORG. CODE § 9.051(b)(1)-(2). The Note is a negotiable instrument. *See* TEX. BUS. & COMM. CODE § 3.104(a). Furthermore, as noted above, a foreign corporate entity may file suit in Texas to enforce its right to foreclose on real property securing a debt, regardless of whether it is registered to do business in the state. *Bierwirth*, 2014 Tex. App. LEXIS 2501, *4-5; TEX. PROP. CODE § 9.251(7), (8), (12).

Because (1) Plaintiff has provided competent summary judgment evidence supporting its right to a judicial foreclosure on the property, (2) Defendant has not provided any competent summary judgment evidence to support his conclusory allegations of fraud and other wrongdoing, and (3) Defendant's legal arguments concerning the invalidity of the General Warranty Deed, the Deed of Trust, and the Note are without merit, the undersigned RECOMMENDS that Plaintiff's Motion for Summary Judgment [Dkt. #77], seeking judicial foreclosure on this property, be GRANTED and Defendant's Motion for Summary Judgment [Dkt. # 78] (and all supplemental or amended filings relating thereto) be DENIED.

**D. Miscellaneous Motions and Notices Filed by Defendant**

The miscellaneous other Motions, Notices, Supplements, and Objections listed above in Opening Paragraph D are ripe for review. As discussed in conjunction with the Motions for Summary Judgment, Defendant sought to rely on many of these documents as verified summary judgment evidence, but failed to provide any evidence of personal knowledge in support of the claims made therein. After careful review, it is apparent that the various Motions, Notices, Supplements, and Objections largely reiterate the conclusory allegations of fraud and the discredited legal theories discussed in detail in conjunction with the motions for summary judgment, above.

The undersigned RECOMMENDS, however, that Defendant's Motion to Take Judicial Notice of Records from the County Recorder's Office [Dkt. #49] be GRANTED in PART, only to the extent the Motion seeks to add official public records to the evidentiary record in this case. Specifically, Exhibits A1 through A13, attached to the Motion, are relevant public records of which the court can take judicial notice pursuant to Federal Rules of Evidence 201 and 803(8).

The body of the Motion, which purports to provide judicial notice of additional factual allegations that are not generally known and that cannot be readily determined from reliable sources, should be DENIED, and the court should take no notice of the conclusory factual allegations made therein. To the extent judicial notice is appropriate, the undersigned has considered and discussed the relevant portions of Exhibits A1 through A13 in conjunction with the recommendations concerning summary judgment, above.

In light of (1) the recommendation that summary judgment be granted for plaintiffs, (2) the repetitious and conclusory nature of the filings, and (3) the Fifth Circuit's Order granting Defendant leave to "mount a defense," but not otherwise lifting the restrictions on his vexatious filings, the undersigned recommends that all other Motions, Notices, Supplements, and Objections listed above in Opening Paragraph D should be DISMISSED as MOOT.

## IV. RECOMMENDATIONS

For the sake of clarity, given the voluminous filings addressed in this Report, the undersigned's final Recommendations are set out below under subheadings that correspond to the opening paragraph's subheadings A-D. The recommendations at subheading A, below, concern the motions grouped at subheading A in the opening paragraph, and so forth.

**A.** The undersigned RECOMMENDS the District Court DENY the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. #83].

**B.** The undersigned RECOMMENDS the counterclaims asserted in the Amended Answer [Dkt. #58] be DISMISSED.

**C.** The undersigned RECOMMENDS Plaintiff's objection to the competency of any filings listed as verified pleadings by Defendant in his Motion for Summary Judgment, other

than Defendant's "Notice of Fraud and Counterfeit Securities by Plaintiff" [Dkt. #72] and Defendant's Notices of his attempts to file criminal complaints against Plaintiff's attorneys [Dkt. #66], [Dkt. #67], [Dkt. #72] be SUSTAINED.

The undersigned FURTHER RECOMMENDS Plaintiff's objections to the conclusory statements identified at items (a) through (t) of Plaintiff's Response to Defendant's Motion for Summary Judgment be SUSTAINED wherever in the record they are found, specifically including but not limited to Defendant's Motion for Summary Judgment [Dkt. #78] and Defendant's Notice of Fraud and Counterfeit Securities By Plaintiff [Dkt. #72].

The undersigned FURTHER RECOMMENDS that Plaintiff's Motion for Summary Judgment [Dkt. #77], seeking judicial foreclosure on this property, be GRANTED and Defendant's Motion for Summary Judgment [Dkt. #78] (and all supplemental or amended filings relating thereto) be DENIED.

**D.** The undersigned RECOMMENDS that Defendant's Motion to Take Judicial Notice of Records from the County Recorder's Office [#49] be GRANTED in PART as to Exhibits A1 through A13, and DENIED in PART as to the allegations in the body of the Motion.

The undersigned FURTHER RECOMMENDS that all other Motions, Notices, Supplements, and Objections listed above in Opening Paragraph D should be DISMISSED as MOOT.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED May 28, 2015

MARK LANE
UNITED STATES MAGISTRATE JUDGE